EVA JOHNSON AND ELMER JOHNSON, HER HUSBAND, IN HIS OWN RIGHT, APPELLANT, v. AMERICAN OIL COMPANY, A CORPORATION, RESPONDENT.

CHARLES C. FRIES, APPELLANT, v. AMERICAN OIL COMPANY, A CORPORATION, RESPONDENT.

Submitted February 17, 1933—Decided April 27, 1933.

For the appellants, *Samuel T. French* and *J. Roy Oliver*.

For the respondent, *Starr, Summerill & Lloyd* (*Frank T. Lloyd, Jr., of* counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE.   This case involves an appeal from an order of the Supreme Court Circuit judge, Cumberland county, directing a verdict in favor of the defendant and against the plaintiffs.   The facts are these:

Earl Pancoast was engaged in doing work for the defendant, American Oil Company, painting its gasoline pumps and oil

containers. He received from the defendant as compensation a stipulated price per unit. He was hired by the superintendent of the defendant oil company, supplied the labor and accessories himself, the defendant furnishing the paint. The practice was for Pancoast to call at defendant's office and receive a list of the stations where painting was necessary and, according to the undisputed testimony, he proceeded to do the work of painting as he willed. When the job of painting these pumps and containers was finished at any given station, he received a slip signed by the person in charge of the station, evidencing that the work had been done satisfactorily. He did not report to the defendant at any given time, except to turn in the slips collected for work done and receive his compensation and obtain a list of other places requiring painting. He was not under the jurisdiction of the company as to when he would do the painting or the order in which the work was to be done.

While out on the road in furtherance, we assume, of the business of doing this work on the defendant's properties, using an automobile which was his own property, he collided with an automobile driven by the plaintiff Charles C. Fries. At the time Eva Johnson was a passenger in Mr. Fries' automobile. Personal injuries and property damage resulted from the collision and suit is brought not against the alleged tort feasor, Pancoast, but against the American Oil Company, whose relationship with Pancoast is disclosed above.

Fries sues for personal injuries and property damages; Mrs. Johnson for personal injuries and Elmer Johnson, her husband, for loss of the services of his wife.

The trial court directed a verdict in favor of the defendant and in this there was no error. In order to make out a cause of action against the defendant, American Oil Company, on the case here presented, it was necessary to show facts and circumstances connoting the relationship of master and servant between the defendant and Pancoast. To hold that this had been accomplished or that the proofs offered warranted submitting the matter to the jury would be clearly untenable. Pancoast was not subject to supervision of the defendant;

was capable of independent action and was in fine an independent contractor. The management of the job was his and the mode of his transportation entirely dependent upon himself. The facts in the case are governed by the rule laid down in *Giroud* v. *Stryker Transportation Co.*, 104 *N. J. L.* 424. The action of the trial judge was correct.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.